W. E. PERKINS v. MILLER & SAYERS ET AL.

(Case No. 4879.)

1. PURCHASER OF SCHOOL LAND — ACTUAL SETTLER.— Under the constitution (art. VII, sec. 6), the actual settler on county school land is secured in his right to purchase the same in quantity not to exceed one hundred and sixty acres. The word "*settlement*," as used in that clause of the constitution, cannot be construed to limit the right of purchase to the amount actually improved, but embraces any amount of land within the limit prescribed. The applicant to buy must be himself a settler on the land to bring himself within the constitutional protection, and he cannot be an actual settler who claims only under another who had resided on the land.

APPEAL from Hood. Tried below before the Hon. T. L. Nugent.

*Cooper & Estes*, for appellant.

*Thos. T. Ewell*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— The one hundred and sixty acres of which the land in controversy is a part was patented to H. H. Bond as the assignee of Joseph Lambert, a pre-emption claimant, on May 12, 1871, and under that patent the appellees held title to that part of the grant now in controversy under regular chain of title, as did the appellant to another part of the grant.

The grant to Bond being admitted to be invalid, for the reason that the land belonged to Milam county as a part of its school land, the rights of the parties must depend upon their respective claims growing out of their purchases and applications to purchase the land from Milam county.

The county of Milam sold eighty-three acres out of the one hundred and sixty acres to the appellant, and in this sale twenty-three acres of the eighty acres which the appellees held under the Bond title passed to the appellant; he, under the Bond title, only holding sixty acres upon which he lived. The remaining fifty-seven acres of the eighty acres which the appellees had held under the Bond title was conveyed to them by Milam county.

After it was decided that the Bond title was invalid both parties made application to buy the entire eighty acres from Milam county, and in consequence of the appellant's having improved twenty-three acres of the land which the appellees had claimed under the Bond patent, the county conveyed the same, besides the sixty acres which he had formerly claimed and occupied under the Bond title, to him, and conveyed the remaining fifty-seven acres to the appellees,

which, with twenty acres sold to another person, covered the entire one hundred and sixty acres. The appellees never were actual settlers upon the land; and the appellant was, and therefore claimed that, under the law, he was entitled to buy from Milam county the land which he had formerly claimed, and also that claimed by the appellees, making in all one hundred and forty acres.

The determination of the rights of the respective parties depends upon the proper construction of the laws relating to the sales of school lands.

The constitution confirms to the several counties the title to the school lands which had been, or might be, granted to them, and authorizes the counties to sell such lands; and, in reference to the sale and right of persons to buy, it provides that " actual settlers, residing on said lands, shall be protected in their prior right of purchasing the same to the extent of their settlement, not to exceed one hundred and sixty acres, at the price fixed by said courts, which price shall not include the value of existing improvements made thereon by such settlers." Constitution, art. VII, sec. 6; R. S., art. 4037.

These provisions of the law secure the prior right of actual settlers residing on school lands to purchase. That right cannot exist if made to depend solely upon a former residence upon the land by some other person through whom an applicant to purchase may claim. The applicant himself must be an actual settler, residing on the land, to acquire the prior right to purchase.

It does not appear that the appellees, or either of them, ever resided upon the land which they claimed under the Bond title, nor in fact that any person ever resided upon it. Some person, however, must have resided upon some other part of the one hundred and sixty-acre tract, otherwise it never could have been patented under a pre-emption claim; but no such person made application to buy the land in controversy from Milam county.

The appellant was an actual settler, resident upon the tract of land which belonged to Milam county, and it must be held under the law that his right to purchase was superior to that asserted by the appellees, for the right of neither party could be affected by any claim which either had asserted under the Bond patent; and the only question remaining is, did he have, by reason of his actual residence upon the land, the right to purchase the one hundred and forty acres which he sought to purchase? No other actual settler, resident upon the land, made application to buy any part of that which the appellant sought to purchase.

We are of the opinion that this inquiry must be answered in the affirmative. Such persons are entitled to purchase to the extent of their "settlement," not to exceed one hundred and sixty acres.

By "*settlement*" the constitution never could have intended to limit the prior right to purchase to such land as was actually improved; for such a construction would so limit the right as to make it practically valueless in many cases, which could not have been the intention.

We are of the opinion that by the word "*settlement*," as used in the constitution, is meant such land as a person actually settled and residing on the land may declare an intention to appropriate, including his improvements, the whole not to exceed one hundred and sixty acres. The "*settlement*" is a thing having extent, and not an act; a place restricted only by a maximum area.

The right is given to the actual settler, and it rests with him to determine the extent of his settlement, limited only by an area which he cannot, as a matter of right, exceed. To the county owning the land a discretion is given as to the time and manner of sale, and the price to be paid; but when these things have been determined and the land offered for sale, the county has under the law no power to refuse to sell to the actual settler residing upon school land the full area which the law declares such settler shall have the right to buy; nor can any one not having some right as an actual settler interpose any obstacle to the settler's acquiring the land which the law entitles him to purchase.

If there were more than one actual settler residing upon the land, and not land enough to give to each one the maximum area which such settlers are entitled to, or desire to purchase, their equities under the law would have to be adjusted; but no such state of facts exists in this case.

No other actual settler on the land sought to purchase the one hundred and forty acres which the appellant applied for, and for which he was willing and ready to comply with the terms of the county. Under such state of facts he was entitled to the land, and the court below should have so adjudged.

The judgment of the district court will be reversed, and the cause remanded, with instructions to the court below, upon payment by the appellant to the appellees, or into court for them, within such reasonable time as the court may prescribe, the sum paid by the appellees to Milam county for the land, together with interest thereon from the time such payment was made, at the rate of eight per cent. per annum, to vest the title to the land in controversy in the appel-

lant by decree, unless the appellees shall make to him a deed therefor. And if the appellant shall fail to pay the money, and interest thereon, within such time as the court may designate, that then judgment be entered against him. And it is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered June 22, 1883.]