## WATTS & WALKER V. J. H. WHEELER.

### No. 1759.

1. **State School Land—Actual Settler's Right of Purchase.**—A bona fide settler who had purchased and improved an agricultural section previous to the Act of April 28, 1891 (Sayles' Supplement, article 4045), was not required to move therefrom and upon an adjoining pasture section, in order to purchase the latter as authorized by that act.

2. **Same—Purchase of Leased Section.**—The law having provided that all lands the lease of which was fixed by that act at not exceeding five years, "shall be leased subject to sale," the power of the Land Commissioner as agent of the State in leasing the land was thereby expressly limited, and a lease which would deprive the State of the privilege of sale thus reserved would to that extent be void.

3. **Same—Right of Purchaser Upon Tender.**—Appellee having the right to make the purchase, and having complied with the law in his attempt to do so, the action of the commissioner in refusing to award him the land could not deprive him thereof.

4. **Parties.**—In a contest of title between an actual settler of State school lands as purchaser and a lessee thereof, neither the State nor the Commissioner of the General Land Office is a necessary party to such suit.

APPEAL from Crosby.   Tried below before Hon. W. R. McGILL.

*D. B. Baker*, for appellants.

*Joe E. Rosson* and *L. G. Wilson*, for appellee.

HEAD, ASSOCIATE JUSTICE.—The land in controversy is public school survey number 810, containing 640 acres, situated in Crosby County.   This section was classified as "dry or pastoral land," and was by the Commissioner of the General Land Office, on July 30, 1892, leased to appellants for the term of five years, in compliance with the Act of April 28, 1891.

Appellee being an actual settler upon agricultural school section number 8, which adjoined the above number 810, on November 23, 1892, made application in due form for the purchase of said last named section, accompanied with the affidavit, bond, and first payment required by the statute.   This application was refused by the commissioner, upon the ground that the prior lease to appellants prevented the sale.

Appellants sued in trespass to try title, relying upon their lease, and appellee in defense specially pleaded his application to purchase, accompanied with the allegation that within four months after making the same he had taken actual possession and placed improvements (a fence) thereon of value more than $100.   The court below found in favor of appellee.

The provisions of the statute which are believed to control the question will be found in Supplement to Sayles' Texas Civil Statutes, and are as follows:

"Art. 4042. When any portion of said land has been classified to the satisfaction of the commissioner, under the provisions of this act or former laws, such land shall be subject to sale, but to actual settlers only, and in quantities of not less than 80 acres and in multiples thereof, nor more than one section containing 640 acres more or less; provided, that * * * lands classified as purely pasture lands and without permanent water thereon may be sold in quantities not to exceed four sections to the same settler. * * *

"Art. 4045. * * * Any bona fide settler who has heretofore purchased or who may hereafter purchase one section of agricultural or watered land and no more, shall have the right to purchase three dry and strictly pastoral sections. * * *

"Art. 4051. The public lands and all lands belonging to the public free schools, asylums, or university fund shall be leased by the Commissioner of the General Land Office, under the provisions of this act. All of such lands lying west of the Pecos River, and all of such lands lying south of the Texas & Pacific Railroad, except the counties of Concho, McCulloch, Coke, Sterling, Glasscock, Midland, Ector, Tom Green, Howard, and Martin, and all university lands, shall be leased for a period of not longer than ten years; and all other such lands lying north of the Colorado River, and north of the Texas & Pacific, and the counties herein before excepted from the ten years lease, shall be leased for a period not longer than five years. * * *

"Art. 4052. * * * No lands which are now, or which may hereafter be classified as grazing lands within the territory where ten years' lease is authorized, as set forth in the preceding section of this act, shall be subject to sale during the term of the lease contract thereof, and the possession of the lessee shall not be disturbed during the term of his lease. All lands the lease of which is fixed by this act at not exceeding five years, shall be leased subject to sale; provided, that if any lessee has actually settled upon any section of land included in his lease, and erected thereon his residence and substantial improvements, for permanent settlement, such section shall not be sold, nor shall such settler be disturbed during the term of his lease. * * * In all cases when an actual settler may desire to settle on any grazing land, which may have been leased under a five years contract of lease, such actual settler shall first erect thereon substantial improvements of the value of not less than $100, within four months after making his application to purchase." * * *

We conclude, that a settler proposing to purchase four sections of pasture land under article 4042 would not be required to settle upon and improve more than one of these. In other words, a proper construction of this article would not require a settlement upon or actual improvement of each of the sections constituting the proposed purchase, any more than an actual improvement of each acre of the 160 would be required to give the actual settler upon county school land

the prior right guaranteed him by the Constitution, to acquire that amount.  Perkins v. Miller, 60 Texas, 63.

For the same reason, we conclude that a bona fide settler who, previous to the passage of article 4045 (Act of April 28, 1891), had purchased and improved an agricultural or watered section, would not be required to move therefrom and settle upon one or more of the three additional pasture sections he was therein authorized to acquire.  It seems to us clear, from the language of this article, that the intention of the Legislature was to authorize the sale of this land to actual settlers in bodies of not exceeding four sections each, and that an actual settlement upon any one of these is all that should be required.

Appellee was therefore one of the class of persons authorized to make the purchase, provided the land was subject to sale during the term of appellants' lease.  That it was so subject, we think there can be but little question.  Article 4052, copied above, was in force at the time of the making of this lease.  There can be no misunderstanding as to the meaning of the requirement therein contained, that "all lands the lease of which is fixed by this act at not exceeding five years, shall be leased subject to sale."

By this provision the power of the commissioner as agent of the State was expressly limited, and appellants were chargeable with notice thereof.  A lease, therefore, which would have the effect to deprive the State of the privilege thus reserved, would to this extent be void.

It is unnecessary for us to decide as to whether or not the latter part of this article, which requires an actual settler upon grazing land to make $100 worth of improvements, would have application to appellee, who had settled upon an agricultural section.  Out of an abundance of caution, he seems to have done this.

If appellee had the right to make the purchase, and complied with the law in his attempt to do so, we do not think the action of the commissioner in refusing to award him the land could deprive him thereof. In making these sales, the commissioner does not seem to have been clothed with discretion to accept or reject applications.  The offer is made by the law to all alike, and when its terms are accepted the contract is complete.  Burnett v. Winburn, 25 S. W. Rep., 969; Metzler v. Johnson, 1 Texas Civ. App., 137; Eastin v. Ferguson, 4 Texas Civ. App., 643.  Also see Jumbo Cattle Co. v. Bacon & Graves, 79 Texas, 12, in which it is held, that the refusal of the State Treasurer to accept the money from a proposed purchaser under what is known as the fifty-cent act, could not prejudice his rights.

It is not necessary that either the State or Commissioner of the General Land Office should have been made a party to this suit.  The contest was between appellants and appellee, as to which one had the better title under the State.

It perhaps was not necessary for the judgment to have formally canceled appellants' lease, but this was practically the effect of a finding

in favor of the superiority of appellee's title, as between the parties hereto.

What we have said disposes of the material questions presented in the briefs. The formal objections urged in appellants' special exceptions, have not been considered. They were assigned as error, but have not been insisted upon here.

The judgment appealed from is affirmed.

*Affirmed.*

Delivered March 13, 1895.