## UNITED STATES v. GREEN.

### (Circuit Court, S. D. Iowa. December 1, 1899.)

MARRIAGE—PROOF OF INVALIDITY—SUFFICIENCY OF EVIDENCE.

In an action by the United States to recover pension money paid to defendant as the widow of a deceased soldier and as guardian of their minor children, no fraud was claimed, it being admitted that the pension was applied for and allowed and paid in good faith; but the government claimed that because of a prior marriage of the soldier to a woman still living at the time of his death, and the invalidity of a decree of divorce obtained by him, defendant never became his legal wife, and their children were illegitimate. It was admitted that, but for such facts, defendant's marriage would have been legal, and that it was believed to be so by the parties, who lived together as husband and wife for more than 10 years, and until the soldier's death. It did not appear that any claim to the pension had ever been asserted by the former wife, or that she or any one else had ever questioned the validity of defendant's marriage. *Held* that, under such circumstances, the burden rested upon the plaintiff to prove its invalidity by clear and convincing evidence, and that proof merely of the prior marriage ceremony, without proof that the woman was competent to enter into the marriage, was insufficient, and did not require the court to determine the validity of the divorce; the presumption in favor of the validity of the later marriage and of the competency of the parties being equally as strong as the presumption in favor of the first.

This was an action to recover money paid to defendant, as the widow of Levi B. Davis, under the pension laws of the United States. Tried to the court without a jury.

Lewis Miles, U. S. Dist. Atty.

Steele & Robbins, for defendant.

SHIRAS, District Judge. In this action the United States seeks to recover from the defendant the sum of $1,146.25, which aggregate amount was paid to the defendant from time to time upon a pension which was allowed to the defendant as the widow of Levi B. Davis, formerly sergeant major of the 50th Indiana volunteer infantry, and also upon a pension allowed to the minor children of said Levi B. Davis. From the agreed statement of facts upon which the case is submitted to the court, it appears that on the 11th day of January, 1878, a marriage ceremony, in due form, was had between the defendant and Levi B. Davis, in Jackson county, Ind., under a license duly issued for that purpose; the marriage ceremony being conducted by R. C. McKinnee, who possessed the lawful authority to perform the ceremony. It is admitted that this marriage was entered into in entire good faith upon the part of both parties thereto, the said defendant being at the time a single woman. It is also admitted that from the date of said marriage the parties thereto lived together as husband and wife, being so known and received by the community in which they lived; that of this marriage there were born six children, four of whom are now living. It is further admitted that in no form was the validity of this marriage questioned by any one during the lifetime of Levi B. Davis; that Davis died April 30, 1889, having always recognized the defendant as his wife, and the children born to them as his lawful and

legitimate children. It is admitted that after the death of Levi B. Davis, in perfect good faith, the defendant made application for a pension for herself and her minor children, as being the widow and children of Levi B. Davis, and the department, in good faith, allowed the pension, and has paid the sum of $1,146.25 to the defendant in her own right as widow, and also to her as guardian of her minor children. This suit is now brought on behalf of the government to recover back the sum of money thus paid; it being claimed that, owing to a prior marriage between Davis and one Eliza Jane Callahan, the relation of husband and wife was not lawfully created between Davis and the defendant.

From the agreed statement of facts, it appears that on July 6, 1848, a marriage was had between Davis and Eliza Jane Callahan; that on the 19th day of April, 1877, a decree of divorce was granted to Levi B. Davis from Eliza Jane Callahan by the probate court of Malade county, Utah, which Davis, the defendant, and the department in good faith believed to be a valid decree, and acted in the premises in that belief, but it is now claimed on behalf of the government that, by a change of the law, the jurisdiction of the probate court over matters of divorce had been abrogated at the time of the rendition of the divorce decree. Before the court would be justified in holding that the court of Utah territory erred in exercising jurisdiction in the divorce proceedings,—a ruling which, if made, might affect the interests and relations of many others besides the parties to the suit,—the court should be put into possession of all the material matters, both of law and fact, necessary to be considered in reaching a conclusion upon the question. The statement of facts upon which the case is submitted does not present this question with the fullness of detail necessary for its proper consideration, and, for the reasons hereinafter stated, the court will not undertake to determine the question. If, upon a thorough examination of the matter, it should appear that the jurisdiction of the court of Utah territory, granting the divorce, had not been terminated by the subsequent legislation granting jurisdiction in divorce matters to the district courts, then the validity of the divorce granted to Levi B. Davis would be beyond question, and in that event the government would have no ground for recovery in this case. On the other hand, if it should be determined that the decree of divorce granted to Davis was ineffectual because the jurisdiction over proceedings for divorce once existing in the probate courts of Utah territory had been abrogated by subsequent legislation, it would not necessarily follow that the government had proven a right to recover in this action. To entitle the government to recover back the moneys paid to the defendant, the burden is upon it of proving that, at the time of the intermarriage of Davis and defendant, Davis had then a lawful living wife. The claim on behalf of the United States is that, at the date of the marriage of Davis and the defendant, the former was lawfully married to Eliza Jane Callahan. It is certainly true that, before the government should be held entitled to judgment in this case, it must establish this claim of a prior lawful marriage by clear and satisfactory evidence. In

effect, what is sought by the government, in order to enable it to recover the moneys paid to defendant, is a finding and adjudication that the defendant had for years been living in unlawful relations with Davis, and that the children born to them are illegitimate. In the agreed statement of facts, it is expressly admitted that, in applying to the department for a pension for herself and the minor children, the defendant acted in perfect good faith, believing herself to be the lawful widow of the deceased soldier. This is not, therefore, a case wherein the government is seeking to protect itself against a fraudulent claim. It is a case wherein, according to the facts admitted by the government, a pension became lawfully due to the widow of Levi B. Davis, and the defendant in good faith applied for and received the pension as the widow of Davis, but, after allowing and paying the pension, the government now asserts that the defendant is not the lawful widow of the deceased soldier, and therefore the government is entitled to recover back the moneys paid defendant. It is not made to appear that any claim to a pension is asserted on behalf of Eliza Jane Callahan, or that she has ever questioned or denied the claim of defendant to be the lawful widow of Levi B. Davis. Under such circumstances, before the triors of the facts, whether a jury or the court, would be justified in finding in favor of the government, the evidence should be clear, convincing, and satisfactory; and a finding of fact to the effect that the defendant never was the lawful wife of Levi B. Davis, and that the children born to them are illegitimate, ought not to be demanded or expected, unless the evidence is so cogent and conclusive as to fairly preclude any other result.

The point at issue is whether it is proven that at the date of the marriage of Levi B. Davis and the defendant, which took place January 11, 1878, Eliza Jane Callahan was then his lawful wife. In the agreed statement of facts, it is recited that on July 6, 1848, Levi B. Davis and Eliza Jane Callahan were united in marriage. It is not stated that at that time Eliza Jane was a single woman, or that no lawful impediment existed which might render the marriage void. In the subsequent paragraph of the stipulation of facts, wherein is recited the marriage of Davis and the defendant, it is particularly set forth that at that time the defendant was a single woman, and legally competent to enter into the marriage contract. This shows that the parties, when agreeing upon the facts, had in mind the point that, to make a marriage legal, it is not sufficient to go through a ceremony, legal in form, but it must appear that the parties are legally competent to contract with each other. Care was taken to set forth this essential fact with respect to the defendant, it being expressly stated that, when married to Davis, she was a single woman, and legally competent to enter into the marriage relation, but no such statement is found with respect to Eliza Jane Callahan. There is no express statement that, when the marriage ceremony took place between Davis and Eliza Jane, she was a single woman, or that she was competent to lawfully enter into the marriage relation with Davis. It is certainly incumbent upon the government to prove that Davis and Eliza Jane Callahan were lawfully

98 F.—5

husba'nd and wife, and, of necessity, this involves the question whether, when they went through the marriage ceremony, they were lawfully competent to contract a marriage with each other. In many cases it might be fairly found, as an inference of fact, that there was competency to contract from evidence showing a proper marriage ceremony, cohabitation, and a failure to question, on part of any one, the validity of the marriage thus entered into. It may be true, as is claimed in argument, that the presumption of competency is ordinarily drawn as a presumption of fact from evidence showing a proper marriage ceremony; but regard must be had to the particular issue at stake, and the special facts of the case. In this case it is proven that the defendant, being a single woman and competent to make a marriage contract, by a marriage ceremony of legal form was married to Levi B. Davis in 1878; that the parties lived together as husband and wife until the death of Davis, in the year 1889, being recognized by the entire community to be husband and wife during that entire time. If presumptions are to be indulged in, is it not clear that these facts would demand the presumption to be that at the date of the death of Davis the defendant was his wife? To overcome the conclusion inevitable from these facts, the government asserts that during all this period Davis had a lawful wife living. It proves the bare fact that a marriage ceremony was had between Davis and Eliza Jane Callahan, and then asks the court, as the trior of the facts, to assume as a fact that the prior marriage was legal, without offering any evidence to show that the parties who entered into this ceremony were legally competent to contract in marriage. It may very well be that this prior marriage was legal and binding. It may be that it was not. The validity of the marriage between Davis and the defendant has never been denied by any one, until the government chose to question it by bringing this suit. Under the peculiar facts of this case, the court, as the trior of the facts, is justified in demanding clear proof of the validity of the alleged prior marriage which is relied on to defeat the claim of the defendant to be the lawful widow of Levi B. Davis, and, in the judgment of the court, the evidence adduced does not prove the validity of the prior marriage, but leaves that question uncertain; and, as the burden of proof is upon the government, it must be held that it has failed to adduce sufficient evidence to justify the finding that the defendant is not the lawful widow of Levi B. Davis, deceased. Judgment for the defendant.